UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Hon. Esther Salas |
| v. | Crim. No. 20-37 (ES) |
| EDGAR RUIZ-GOMEZ,<br>　a/k/a "Gono,"<br>　a/k/a "Carlitos 2,"<br>　a/k/a "Carlitos 3"<br>　a/k/a "Carlitos 4,"<br>　a/k/a "Carlos 4,"<br>　a/k/a "Carlitos 5,"<br>　a/k/a "Carlos" | **COMPLEX CASE ORDER** |

　　　This matter having been opened to the Court on the motion of the United States of America (Rachael A. Honig, Acting United States Attorney, by Lauren E. Repole and Francesca Liquori, Assistant United States Attorneys, appearing) for an order to continue the case and exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7); the Defendant (through his counsel, Perry Primavera, Esq.) having consented to the motion; the Defendant being aware that, absent such a finding, he would have a right to be tried within seventy days of their first appearance in this District in connection with this matter, pursuant to Title 18, United States Code, Section 3161(c)(1); and the Court having found that an order granting a continuance of the proceedings in the above-captioned matter should be entered, and for good and sufficient cause shown,

　　　IT IS THE FINDING OF THIS COURT that this action should be declared a complex case and continued for the following reasons:

　　　　　1.　　On January 10, 2020, a grand jury of this Court returned a three-count Indictment against defendant Edgar-Ruiz Gomez, a/k/a "Gono,"

a/k/a "Carlitos 2," a/k/a "Carlitos 3," a/k/a "Carlitos 4," a/k/a "Carlos 4," a/k/a "Carlitos 5," a/k/a "Carlos" ("Ruiz-Gomez," or the "Defendant"), charging him: in Count One, with conspiracy to import five kilograms or more of cocaine, contrary to Title 21, United States Code, Sections 952 and 960(b)(1)(B)(ii), in violation of Title 21, United States Code, Section 963; in Count Two, with conspiracy to distribute five kilograms or more of cocaine, intending, knowing, and having reasonable cause to believe that the cocaine will be unlawfully imported into the United States, contrary to Title 21, United States Code, Sections 959, 960(a)(3), and 960(b)(1)(B)(ii), in violation of Title 21, United States Code, Section 963; and in Count Three, with conspiracy to distribute five kilograms or more of cocaine, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), in violation of Title 21, United States Code, Section 846.  See Crim. No. 20-37 (ES).  That same day, the Honorable Leda Dunn Wettre, Magistrate Judge for the District of New Jersey, issued a warrant for the Defendant's arrest.

2. Pursuant to the aforementioned warrant, the Defendant was arrested in Colombia and has since been extradited to the United States. The Defendant appeared for his initial appearance in this District on September 7, 2021.

3. The instant case is complex. The Indictment charges three wide-ranging international criminal conspiracies spanning over four years. The investigation underlying these charges involves evidence and witnesses

from the United States as well as foreign countries, including the Dominican Republic, Colombia, and elsewhere.

4. The discovery in this case is voluminous. The multi-year conspiracies charged in the Indictment are based on investigations conducted by the Drug Enforcement Administration stationed in the United States, the Dominican Republic, Colombia, and elsewhere. The investigation includes thousands of judicially authorized intercepted communications, all of which are in Spanish. In addition, myriad documents, reports, and other materials gathered as part of this investigation are drafted in Spanish. Accordingly, preparation for trial will necessitate the translation of these materials from Spanish to English, which will require substantial time to complete.

5. It is anticipated that defense counsel will need time to review these materials, as well as to review other evidence that the U.S. Attorney's Office for the District of New Jersey will turn over as part of the discovery process. It is also anticipated that the Defendant will file pretrial motions that may require hearings.

6. The Defendant needs sufficient time to investigate the charges. A trial in this matter will likely involve a large number of witnesses and a significant amount of evidence. Accordingly, it is anticipated that defense counsel will require additional time beyond that provided by the Court's standard Order for Discovery and Inspection to prepare adequate defenses to the charges in the Indictment. In addition, given the complex

nature of these charges, trial preparation will include speaking to and coordinating travel for witnesses from outside of the United States.

7. In light of the nature of the allegations described above, the Defendant needs sufficient time to investigate the charges. A trial in this matter will likely involve a large number of witnesses and a significant amount of evidence. Accordingly, it is anticipated that defense counsel will require additional time beyond that provided by the Court's standard Order for Discovery and Inspection to prepare adequate defenses to the charges in the Indictment. In addition, given the complex nature of these charges, trial preparation will include speaking to and coordinating travel for witnesses from outside of the United States.

5. In evaluating the Government's request, the Court finds that, after consideration of such factors as the number of participants and witnesses, the nature of the prosecution, the voluminous discovery required to be translated, turned over, and analyzed to properly defend the charges, and the likelihood of pretrial, this case is so complex or unusual that it is unreasonable to expect adequate preparation for pretrial proceedings or trial within the time limits established in the STA. See 18 U.S.C. § 3161(h)(7)(B)(ii).

6. Further, the public health hazard presented by COVID-19 continues to impact the functioning of the Court. On May 19, 2021, Chief Judge Freda L. Wolfson issued Amended Standing Order 2021-04, which states in relevant part:

> WHEREAS, in extending the New Jersey Public Health

4

Emergency, on May 14, 2021, Governor Murphy declared, in Executive Order No. 240, that even with improvements in key statistics, the lifting of certain restrictions, and progress in vaccine administration, "it is still necessary to maintain mitigation protocols to ensure spread is limited while dissemination of the vaccine continues" and that "the spread of COVID-19 in New Jersey constitutes an ongoing public health hazard that threatens and presently endangers the health, safety, and welfare of the residents of one or more municipalities or counties of the State"; and WHEREAS, also, the COVID-19 vaccination rate in New Jersey, of adults eligible to serve as jurors is currently still low, and therefore, of concern, with many towns in the State having fewer than 40% of their residents vaccinated, and the percentages of fully vaccinated adults in this Court's vicinages, as of May 14, 2021, being slight, with Camden at 28%, Newark at 34% and Trenton at 25%; and

WHEREAS, despite the newly relaxed CDC guidelines, on May 17, 2021, Governor Murphy announced that because "we're not out of the woods yet," New Jersey was retaining its requirement that individuals mask up in indoor public spaces, citing the pockets of unvaccinated residents, and uncertain effectiveness of the vaccines against the several variants of COVID-19, present in the State; and

WHEREAS, Governor Murphy also then declared that schools will be required to provide full-time, in-person instruction beginning in the fall of 2021; and

WHEREAS, accordingly, this Court anticipates that by September 1, 2021, the representative nature of the pool of summoned jurors will have improved, due to the increased availability of parents of school-age children to serve as jurors, and to an elevation in vaccination rates by that time; and

WHEREAS, due to the sustained caution advisable under these circumstances, this Court continues to observe its COVID-19 Recovery Guidelines, requiring the wearing of facial coverings, physical distancing, and limited elevator occupancy in the District's courthouses, while these disease-containing measures are mandated by the Court's Standing Orders 2020-13, 2020-14 and 2020-16, which remain in effect; and

WHEREAS, this Court seeks to continue its mitigation of the spread of COVID-19 by minimizing contact between persons, while at the same time, preserving its core mission of serving the public through the fair and impartial administration of justice.

5

7. Consistent with those findings, the Chief Judge has ordered criminal jury trials shall resume on a limited basis beginning on June 1, 2021. But the Chief Judge has also ordered that those trials must be conducted in a manner that ensures the safety of all parties, including prospective jurors.

8. Jury selection in a criminal trial requires a large number of prospective jurors to gather in the District's courthouses. In order to mitigate the spread of COVID-19 and to otherwise adhere to necessary safety protocols, the Court has ordered only one jury pool at a time in each of the District's three vicinages. The Court has further ordered that it cannot process a second jury pool in each vicinage until the first jury pool has completed its service.

9. There are a substantial number of criminal cases pending jury trial in the District. The Court has developed a system for determining the order in which pending criminal jury trials will take place in each vicinage. Currently, the Court has scheduled other criminal cases for jury trial in the Newark, Trenton, and Camden courthouses. Thus, a continuance is also required to allow the Court to safely conduct a jury trial in this case.

10. In evaluating the Government's request, the Court considered the nature of the prosecution, the voluminous discovery required to be turned over and analyzed properly to defend the charges, and the likelihood of pre-trial briefing when evaluating whether this case is so complex or unusual that it is unreasonable to expect adequate preparation for pretrial proceedings or trial

within the time limits established in the STA, and also considered the impact of the ongoing public health hazard presented by COVID-19. See 18 U.S.C. § 3161(h)(7)(B).

11. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuing this trial outweigh the interest of the public and the Defendant in a speedy trial because a continuance will provide the Defendant and his attorney with the time and opportunity reasonably necessary to prepare for trial.

WHEREFORE, it is on this ____ day of September, 2021,

ORDERED that for the reasons set forth above, the Court shall designate this matter as a complex case;

ORDERED that the Government shall provide all discovery required by the Federal Rule of Criminal Procedure on or before January 7, 2022. Discovery will be provided discovery on a rolling basis

IT IS FURTHER ORDERED that the Government shall provide exculpatory evidence, within the meaning of *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, promptly after becoming known to the Government.

IT IS FURTHER ORDERED that the Defendant shall provide all discovery required by February 7, 2022.

IT IS FURTHER ORDERED THAT the Defendant shall provide any and all notices required by Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3 by February 7, 2022.

IT IS FURTHER ORDERED that the parties will file pretrial motions on the following dates:

        Defense Motions Due:      February 21, 2022

        Opposition Due:          March 7, 2022

        Replies Due:             March 14, 2022

        Oral Argument (if necessary):  to be set by the Court

IT IS FURTHER ORDERED THAT a status conference be set for 2/3/ , 2022. @ 11:30 am.

IT IS FURTHER ORDERED that the period from and including the date of this Order, through and including March 31, 2022, is hereby excludable in computing time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7).

 

                                            HONORABLE ESTHER SALAS
                                            UNITED STATES DISTRICT JUDGE