

U.S. Department of Justice

United States Attorney
District of New Jersey

---

Farhana C. Melo
Assistant United States Attorney

970 Broad Street, Suite 700
Newark, New Jersey 07102

Direct Dial: (973) 297-2079
farhana.melo@usdoj.gov

July 31, 2023

**VIA EMAIL**

Thomas Ambrosio, Esq.
750 Valley Brook Ave
Lyndhurst, NJ 07071

    Re: Plea Agreement with Edgar Ruiz-Gomez
       Crim No. 20-37

Dear Mr. Ambrosio:

  This letter sets forth the plea agreement between your client, Edgar Ruiz-Gomez ("GOMEZ"), and the United States Attorney for the District of New Jersey ("this Office"), and supersedes all previous offers. This offer will expire on **August 25, 2023** if it is not accepted in writing by that date. If GOMEZ does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

  Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from GOMEZ to Count One of the Indictment (Crim. No. 20-37), which charges GOMEZ with knowingly and intentionally conspiring and agreeing with others to import into the United States from places outside thereof, to include Venezuela, Colombia, and the Dominican Republic, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 952 and 960(b)(1)(B)(ii), in violation of Title 21, United States Code, Section 963.

  If GOMEZ enters a guilty plea and is sentenced on this charge to a term of imprisonment **within the range of 120 to 144 months, followed by a five-year term of supervised release** (the "Stipulated Range"), and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any

further criminal charges against GOMEZ for conspiring to distribute, distributing, and possessing with the intent to distribute, controlled substances, to include cocaine, from in or around 2016 through on or about January 10, 2020, and will move the Court at the sentencing hearing to dismiss Counts Two through Three of the Indictment.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against GOMEZ even if the applicable statute of limitations period for those charges expires after GOMEZ signs this agreement, and GOMEZ agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, GOMEZ may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), GOMEZ will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 21 U.S.C. § 963 charged in Count One of the Indictment to which GOMEZ agrees to plead guilty carries a statutory mandatory minimum prison sentence of 10 years and a statutory maximum prison sentence of life imprisonment, and carries a statutory maximum fine equal to the greater of: (1) $10,000,000; or (2) twice the gross profits or other proceeds to GOMEZ. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and GOMEZ agree that a sentence within the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence GOMEZ to a term of imprisonment **within the range of 120 to 144 months and a five-year term of supervised release**.

Further, in addition to imposing any other penalty on GOMEZ, the sentencing judge:

    (1)    must order GOMEZ to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

    (2)    may order GOMEZ to pay restitution pursuant to 18 U.S.C. § 3663, *et seq.*;

(3) must order forfeiture pursuant to 21 U.S.C. § 853;

(4) may deny GOMEZ certain statutorily defined benefits pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, the sentencing judge must require GOMEZ to serve a term of supervised release of at least five years, which will begin at the expiration of any term of imprisonment imposed. Should GOMEZ be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, GOMEZ may be sentenced to not more than five years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 21 U.S.C. § 853, GOMEZ agrees to forfeit to the United States any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in the Indictment and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses.

GOMEZ agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. GOMEZ agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. GOMEZ understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, GOMEZ waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

GOMEZ further consents to the entry of a forfeiture judgment in the amount representing the proceeds he obtained as a result of committing the offenses charged in the Indictment and the property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense, pursuant to 21 U.S.C. § 853 (the "Forfeiture Judgment"). Payment of the

Forfeiture Judgment shall be made by certified or bank check payable to the United States Marshals Service with the criminal docket number noted on the face of the check. GOMEZ shall cause said check to be delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

GOMEZ waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, GOMEZ consents to the entry of a Consent Judgment of Forfeiture that will be final as to GOMEZ prior to GOMEZ's sentencing. GOMEZ understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of GOMEZ's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. GOMEZ hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on GOMEZ by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of GOMEZ's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and GOMEZ will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

<u>Waiver of Appeal and Post-Sentencing Rights</u>

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, GOMEZ will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

  (4) Any claim GOMEZ pursues in an appropriate forum, when permitted by law, that GOMEZ received constitutionally ineffective assistance of counsel.

Immigration Consequences

  GOMEZ understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removal from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. GOMEZ understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. GOMEZ wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. GOMEZ understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

  Accordingly, GOMEZ waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

  This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices if requested to do so.

  This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against GOMEZ. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against GOMEZ.

  No provision of this agreement shall preclude GOMEZ from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that GOMEZ received ineffective assistance of counsel.

No Other Promises

  This agreement constitutes the plea agreement between GOMEZ and this Office and supersedes any previous agreements between them. No additional

promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                              Very truly yours,

                              PHILIP R. SELLINGER
                              United States Attorney

By: *[signature]*
                              FARHANA C. MELO
                              Assistant U.S. Attorney

APPROVED:

*Jamel Semper*
JAMEL SEMPER
Deputy Chief, Criminal Division

- 7 -

I have received this letter from my attorney, Thomas Ambrosio, Esq. It has been translated for me in its entirety. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 5-08-2024
Edgar Ruiz-Gomez

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: MAY 8, 2024
Thomas Ambrosio, Esq.
Counsel for Defendant

**Plea Agreement with Edgar Ruiz-Gomez**

**Schedule A**

This Office and Edgar Ruiz-Gomez ("GOMEZ") stipulate as follows.

1. The version of the United States Sentencing Guidelines effective November 1, 2021 applies in this case. The applicable guideline is U.S.S.G. § 2D1.1.

2. The offense involved over 450 kilograms of cocaine.

3. The offense involved a dangerous weapon, within the meaning of U.S.S.G. § 2D1.1(b)(1).

4. GOMEZ used violence, made a credible threat to use violence, or directed the use of violence in connection with the offense, within the meaning of U.S.S.G. § 2D1.1(b)(2).

5. GOMEZ was a manager and supervisor of a criminal activity that involved five or more participants. See U.S.S.G. § 3B1.1(b).

6. GOMEZ was directly involved in the importation of a controlled substance. See U.S.S.G. § 2D1.1(b)(16)(C).